IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CR-1-92-128

CORNELIUS LANCASTER,

    Defendant.

ORDER

This matter is before the Court upon Defendant's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. Section 3582( c)(2), U.S.S.G. Section 1B1.10 effective November 1, 2011, and General Order No. 11-05 (doc. no. 78); responses by the government (doc. no. 81) and the Federal Public Defender (doc. no. 83); and a reply by defendant filing *pro se* (doc. no. 84). The Court referred the matter to the United States Probation Department for analysis and recommendation (doc. no. 82). This is a "Disputed Disposition Case".

On November 1, 2010, as part of the congressional directive embedded in the Fair Sentencing Act of 2010 ("FSA"), the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines, found in U.S.S.G. § 2D1.1, to an 18:1 ratio. On June 30, 2011, the Commission promulgated Guideline Amendment 750 which effectively amended U.S.S.G. §1B1.10 to authorize the retroactive application of Guideline Amendment 748 to all defendants

1

who are serving crack sentences as long as they meet certain eligibility criteria.

In order to be eligible for the retroactive application of the new guideline, the person must satisfy the following criteria: (1) his/her base offense level using the crack guideline had to be more than 12; (2) his/her offense level could not be predicated on more than 8,500 grams of crack; (3) the person's base offense level could not be 'based on" either the "career offender" or "armed career criminal" "overrides"; (4) the person's base offense level is reduced by the application of the FSA guideline; and (5) the person's original sentence was greater than any applicable statutory mandatory minimum punishment, unless the person received relief from the mandatory minimum due to the application of the safety valve or a motion for downward departure due to his/her "substantial assistance" under 18 U.S.C. § 3553(e).

Counsel for the government, representatives of the United States Probation Office and the Federal Public Defender met and agreed that Mr. Lancaster does not meet the Commission's eligibility requirements for consideration of the retroactive application of Guideline Amendment 750 to his case. The Federal Public Defender's Office informed Mr. Lancaster, in writing, that he was not eligible for a sentence reduction after the FSA guidelines were applied to his case, as their application lead to an increase in his base offense level. Despite this notification, defendant filed the *pro se* motion now under consideration.

Defendant argues that application of the new Amendment results in a new base offense level of 32. He reaches this level using only the 12 ounces of crack cocaine involved in his case to calculate the offense level. It was equivalent to 6,804 kilos of marijuana at the time of his original sentencing, but would be equivalent to only

1,999.85 kilos under the new calculation. The defendant also alleges that an error was made by the Court which should be corrected. Finally, defendant again argues that the ruling in *Booker v. United States,* 543 U.S. 220 (2005) allows the Court to sentence him below the new range.

As noted above, in its original review of this case, the Probation Officer, Assistant United States Attorney, an Federal Public defendant agreed that the defendant was not eligible. They agree that the calculation under the new guideline results in a base offense level of 34 since the recalculated quantity still falls within the range of 3,000 to 10,000 kilograms of marijuana. They note that the new cocaine base guideline under the Drug Quantity Table no longer calls for a 2-level reduction to the base offense level when the drug calculations involve cocaine base and another controlled substance. Thus, Lancaster's base offense level under the Drug Quantity table remains at 34. A 2-level enhancement remains appropriate for the gun enhancement. The Federal Public Defender highlights the dramatic change under the FSA to the method of converting crack into marijuana. He states:

> When Lancaster was sentenced in 1993, 1 gram of crack was the equivalent of 20 kilograms (20,000 grams) of marijuana whereas under the FSA, 1 gram of crack is now the equivalent of 3,571 grams of marijuana. U.S.S.G. § 2D1.1, comment . (n.10(D)). Consequently, in Lancaster's case, the 12 ounces must be converted into grams (12x28 = 336 grams) and this must be multiplied by the FSA conversion multiple (3,571) and divided by 1,000 in order to get the corresponding number of kilograms of marijuana ((336 x 3,571/1,000 + 1,199.85).

When aggregated with the cocaine involved in the case and placed on the sentencing table, the resulting calculation is 2,496.38 + 1,199.85 = 3,696.23 kilograms of

3

marijuana. After the enhancement for the gun, the level would be raised to 36. As a result, application of the new retroactive guideline elevates the defendant's total from the level 34 established by the Court pursuant to application of the first retroactive guideline.

This Court has independently reviewed the information in the record and concludes that the November 1, 2010 crack amendment does not apply to this case because Criterion 4 of the requirements is not satisfied.

The defendant was sentenced to 360 months on each of Counts 1 and 6, and 240 months on each of Counts 3, 4, and 5, all sentences to run concurrently. The Court found the defendant's offense level on Counts 1 and 6 was 34, based upon its finding that defendant was responsible for 12 ounces of cocaine base (crack), 12 kilos of cocaine, 56.7 grams of cocaine and 425.2 grams of cocaine (converting $19,550 into equivalent amounts of cocaine). The conversion of the crack alone resulted in a marijuana equivalent of 6,804 kilos. The Court noted at the time that this was sufficient to justify a level 34. The additional quantity of cocaine converted to marijuana resulted in a total base offense level of 9,300 kilos, still in a level 34. The defendant received a 2-point enhancement for the gun which was present during the offense, for a total offense level of 36. The Court found that the defendant's criminal history category was a VI. His sentencing range was 324 to 405 months on Counts 1 and 6.

On November 30, 2009, the Court ordered a reduction of Lancaster's sentence on Counts One and Six from 360 months to 291 months based upon the retroactive application of Amendment 706 to the cocaine base guideline. The lowered sentence was the result of an amended guideline range of 262 to 327 months, based upon a

4

reduced total offense level of 34 and a criminal history category of VI. The reduced level was based on the amendment's call for a reduction of 2 levels when the offense involved cocaine base ("crack") and one or more other controlled substance.

Defendant highlights the following from the Court's Order granting the first reduction: "In fact, it was determined that this was the level which should have been used to calculate his sentence in 1993." Defendant interprets this as the Court's indication that the Court made an error in the original calculation. The defendant is mistaken. This statement merely recognized the sentiment of the Sentencing Commission, the judiciary, and Congress that a reduced offense level resulted in a more appropriate sentence in crack cocaine cases and that the original sentences were unfairly harsh when compared to sentences given to defendants for powder cocaine offenses based on the judgment. Defendant is also mistaken to interpret the statement as the Court's acknowledgment that an error requires the reduction. There was no injury to the defendant other than as a member of the group of prisoners qualified to receive the reduction pursuant to the first retroactive amendment. Finally, the Court found that the ruling in *Booker v. United States*, 543 U.S. 220 (2005) does not allow the Court to sentence the defendant to 240 months when granting a Motion to Reduce pursuant to § 3582( c). See *United States v. Washington*, 584 F.3d 693 (6th Cir. 2009); *cert. denied*, - U.S. -, 118 S.Ct. 1072 (2010).

The new procedure established in Amendment 748 for calculating the base offense level results in a marijuana equivalence within the 3,000 to 10,000 range, a level 34. Combined with the failure of the new amendment to call for a 2-level deduction, the application of Amendment 748 raises the offense level to a level 36,

5

higher than the offense level resulting from the application of the first amendment. Criterion 4 requires the person's base offense level be reduced by application of the FSA guideline. The Court finds that Mr. Lancaster clearly does not meet the criteria contained in 18 U.S.C. Section 3582 ( c)(2) and U.S.S.G. Section 1B1.10 effective November 1, 2011.

The Court remains convinced that defendant has put forth effort in changing and accepting full responsibility. The Court is, however, not authorized to apply the Guideline Amendment 748 or further reduce the defendant's term of imprisonment on any basis.

The Court **DENIES** the Motion to Reduce (doc. no. 78).

**IT IS SO ORDERED.**

Herman J. Weber,
Senior United States District Judge